## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

DEBRA D. DAVIE,

                Plaintiff,

     vs.

CAROLYN W. COLVIN, Commissioner,
Social Security Administration;

                Defendant.

8:14CV157

MEMORANDUM AND ORDER

This matter is before the Court on the Defendant's Unopposed Motion to Remand (Filing No. 21).   On December 2, 2011, Plaintiff filed an application for Disability Insurance Benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401, alleging disability beginning December 5, 2009. (Tr. 238-239.) On April 26, 2013, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled between December 5, 2009, and September 30, 2011, her date last insured. (Tr. 36-49.) After the Appeals Council denied Plaintiff's request for review, the ALJ's April 26, 2013, decision became the Commissioner's final decision. (Tr. 1-7, 34-35.)

The Commissioner requests an order reversing and remanding this case to the Appeals Council under sentence four of 42 U.S.C. § 405(g).   Counsel for the Commissioner argues that the remand is appropriate for several reasons.  First, The ALJ gave great weight to the opinion of consultative examiner Anil Agarwal, M.D., noting that this opinion supported the ALJ's RFC finding.  (Tr. 43.)  However, the ALJ did not provide any explanation for rejecting Dr. Agarwal's opinions that Plaintiff occasionally required a cane to ambulate, needed to alternate positions from sitting,

standing, and walking, and could handle, finger, and pull only occasionally.  (Tr. 457-458.)

Further, in evaluating Plaintiff's credibility, the ALJ relied solely on the objective medical evidence without considering the other factors required under Social Security Ruling ("SSR") 96-7p.  (Tr. 42-43.)  Nor did the ALJ resolve all of the conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT"). The ALJ posed a hypothetical question to the vocational expert that contemplated an individual who could not reach above the shoulders and head bilaterally.  (Tr. 96.) However, the DOT does not distinguish between overhead reaching and reaching in all other directions, and the jobs the vocational expert identified, and that the ALJ relied on at steps four and five, require at least occasional reaching.  (Tr. 44-45, 97-98.) DOT 299.357-014, 1991 WL 672624 (telemarketer); DOT 205.362-018, 1991 WL 671710 (hospital admitting clerk); DOT 323.687-014, 1991 WL 672783 (housekeeper); DOT 222.687-022, 1991 WL 672133 (routing clerk); DOT 209.687-026, 1991 WL 671813 (mail clerk). Despite this inconsistency, the vocational expert did not explain how the claimant could perform these jobs, and the ALJ did not reconcile such inconsistency as required under SSR 00-4p.

Finally, the ALJ found that Plaintiff "needed a controlled environment free of dust, smoke, fumes, and temperature extremes in the hot or cold ranges."  (Tr. 42.) However, when an individual can tolerate "very little noise, dust, etc., the impact on the ability to work would be considerable because very few job environments are entirely free of irritants, pollutants and other potentially damaging conditions."  SSR 85-15. Accordingly,

2

the vocational expert should have clarified how the cited jobs could accommodate such restriction.

The Appeals Council should remand the case to the ALJ with instructions to consider any additional evidence submitted and update the record as necessary; re-evaluate the opinion evidence and Plaintiff's subjective complaints; reassess Plaintiff's maximum residual functional capacity; and obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's ability to perform her past relevant work and/or other work in the national economy.

The Court acknowledges that the accompanying final judgment begins the appeal period that determines the 30-day period during which a timely application for attorney fees may be submitted under the Equal Access to Justice Act.

IT IS ORDERED:

1.      The Defendant's motion to remand (Filing No. 21) is granted;

2.      The decision of the Appeals Council is reversed;

3.      This action is remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Order; and

4.      Judgment will be entered in a separate document.

Dated this 4th day of May, 2015

BY THE COURT:

s/Laurie Smith Camp<br>Chief United States District Judge